## HUB BUILDING & LOAN CO v KENNARD et

Ohio Appeals, 2nd Dist, Franklin Co

No 2645. Decided Dec 14, 1936

D. T. G. Lum, Columbus, and W. B. McLeskey, Columbus, for appellant.

L. G. Worstell, Jr., Athens, for appellee, Minnie T. Kennard.

A. W. Geissinger, Columbus, for appellees, the Barricklows.

## OPINION

By THE COURT

Appellant filed its action for judgment on a note executed in its favor by Charles O. and Albertine Jones, husband and wife, secured by a mortgage executed by the Joneses on certain premises described in the petition. Two notes secured by two mortgages on the same premises junior to appellant's mortgage were executed by the Joneses in favor of the appellees, the Barricklows.

Heretofore appellant has withdrawn its prayer for judgment against the appellee, Kennard, and it is not disputed that the Barricklows are entitled to judgment against Kennard. Inasmuch as there is no question involved as to the personal liability of Kennard, the issues presented are equitable in nature. Therefore, the motion to dismiss the appeal on questions of law and fact is overruled.

The Joneses conveyed the mortgaged premises to the appellee, Minnie T. Kennard, who, as a part of the purchase price, assumed and agreed to pay the mortgage indebtedness due the appellant as well as that due the appellees, the Barricklows. This conveyance was dated December 6, 1928, and filed for record with the recorder of Franklin County, on July 10, 1929.

On January 6, 1931, the appellant, without mentioning the Barricklow mortgage, wrote the appellee Kennard that it would be willing to accept a deed for the property, to which Kennard replied that she would execute a deed provided she would be relieved of any and all obligations whatsoever against the property and suggested that Barricklow should be informed and that arrangements be made with him. Appellant took up the matter with Barricklow who said he would be willing to take a deed to the property subject to appellant's mortgage, but would not assume it. At no time in the negotiations did Kennard deal with Barricklow. It was not a triangular deal, but two separate ones, the first being between appellant and Kennard and the second between appellant and Barricklow. Thereafter on February 2, 1931, appellant prepared and sent to Kennard a deed from her as grantor to Paul W. Barricklow as grantee in which was inserted

an assumption clause whereby Barricklow assumed payment of appellant's mortgage. This clause was inserted by appellant wholly without authority and without knowledge thereof on the part of Kennard who executed it and returned it to appellant. These acts completed the contract between appellant and Kennard whereby Kennard was relieved of all obligation connected with the property. Kennard had offered to give a deed for the property provided she would be relieved of all obligaions; appellant prepared the deed which it wanted executed; Kennard executed the deed and mailed it to appellant.

After appellant had received the deed it asked Barricklow to accept it which he refused to do because of the presence of the assumption clause placed therein without his consent. Appellant would charge this branch of the deal to Kennard who was no party to it. The negotiations between appellant and Barricklow were not connected in any way with the arrangement between appellant and Kennard and can not be held against her.

Appellant held the deed from February 13, 1931, until November 10, 1931, when it returned the deed to Kennard and attempted to place the entire situation in statu quo ante. This came too late as the deal had been consummated by Kennard's execution of the deed and by her sending it to appellant.

We have examined the authorities set forth in appellant's brief, but find that they have no application because there was a meeting of minds between appellant and Kennard and that the agreement reached between them was carried out.

It is true as stated in the brief filed by appellant's counsel that no building and loan association, knowingly and willingly would get itself into such a situation, but it is apparent that appellant dealt with Kennard on the assumption that Barricklow would accept the deed. This is the chance appellant took and the outcome is not chargeable to Kennard.

The same decree may be entered in this court as was entered in the Common Pleas Court.

CRAIG, PJ, Hornbeck and Barnes, JJ, concur.